## SETH GODWIN v. RICHARD DOWNHAM.

Supreme Court.   Kent.   October, 1815.

*Clayton's Notebook, 55.*

*Ridgely* moved the Court to nonsuit the plaintiff.

*Clayton* and *Hall, contra.* The defendant's pleas admit the legality of the bond and the assignment. Had defendant pleaded, as he ought to have done, that the assignment was not made in legal form, we should have had an opportunity of showing that the obligee, who assigned to us, was authorized to do so by the other obligees, which would have avoided the objection, as appears from a case in 4 Term 313, where action was brought against two on a bill of sale against one. On its being shown that one executed for both by the direction of the other, it was held the action well lay against both.

PER CURIAM. The legality of the assignment is admitted by the defendant's pleas. The defendant was adjudged under the Insolvent Laws after the execution of the bond, and he gave notice in due form to the obligees. The bond however had been assigned to the plaintiff previous to the adjudication and notice. And the question arose whether notice ought not to have been given to the plaintiff (assignee), and whether the notice to the obligees was sufficient. The Court held that notice to the assignee was unnecessary and could not be expected, as it did not appear that defendant had notice of the assignment.